CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

SEP 0 4 2014

JULIA C. DUDLEY, CLERK
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

ANTHONY DELANO COX,         )
                                )     Civil Action No. 7:13CV00590
     Plaintiff,         )
                                )
v.                          )     **MEMORANDUM OPINION**
                                )
CAROLYN W. COLVIN, Acting    )
Commissioner of Social Security,   )    By:   Hon. Glen E. Conrad
                                )           Chief United States District Judge
     Defendant.        )

Plaintiff has filed this action challenging the final decision of the Commissioner of Social Security denying plaintiff's claims for disability insurance benefits and supplemental security income benefits under the Social Security Act, as amended, 42 U.S.C. §§ 416(i) and 423, and 42 U.S.C. § 1381 et seq., respectively. Jurisdiction of this court is pursuant to 42 U.S.C. § 405(g) and 42 U.S.C. § 1383(c)(3). This court's review is limited to a determination as to whether there is substantial evidence to support the Commissioner's conclusion that plaintiff failed to establish entitlement to benefits under the Act. If such substantial evidence exists, the final decision of the Commissioner must be affirmed. Laws v. Celebrezze, 368 F.2d 640 (4th Cir. 1966). Stated briefly, substantial evidence has been defined as such relevant evidence, considering the record as a whole, as might be found adequate to support a conclusion by a reasonable mind. Richardson v. Perales, 402 U.S. 389, 401 (1971).

The plaintiff, Anthony Delano Cox, was born on September 20, 1969, and eventually completed his high school education. Mr. Cox has worked as a power line construction laborer. He last worked on a regular and sustained basis in 2010. On March 9, 2011, Mr. Cox filed an application for a period of disability and disability insurance benefits. Some time later, he filed

an application for supplemental security income benefits. Mr. Cox alleged that he became disabled for all forms of substantial gainful employment on February 16, 2010, due to degenerative disc disease, fibromyalgia, cervical stenosis of the spinal canal, and residuals of anterior cervical discectomy and fusion. Plaintiff now maintains that he has remained disabled to the present time. As to his application for disability insurance benefits, the record reveals that Mr. Cox met the insured status requirements of the Act at all relevant times covered by the final decision of the Commissioner. See generally, 42 U.S.C. §§ 416(i) and 423(a).

Plaintiff's applications were denied upon initial consideration and reconsideration. He then requested and received a de novo hearing and review before an Administrative Law Judge. In an opinion dated September 20, 2012, the Law Judge also determined that Mr. Cox is not disabled. The Law Judge found that plaintiff suffers from several severe impairments including cervical and lumbar spine degenerative disc disease; status post cervical fusion surgery in 2010; lumbar discogenic pain syndrome; narcotic prescription medication dependence; nicotine dependence; and mild emphysema. (TR 20). Because of these impairments, the Law Judge ruled that plaintiff is disabled for his past relevant work role as a laborer in power line construction. However, the Law Judge determined that plaintiff retains sufficient functional capacity to perform sedentary work activity. The Law Judge assessed plaintiff's residual functional capacity as follows:

> After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform sedentary work as defined in 20 C.F.R. 404.1567(a) and 416.967(a) except that the claimant requires in-place position shifts, meaning he must be able to occasionally briefly rise from seated to standing position. The claimant cannot climb, crawl, and kneel. He can occasionally stoop and crouch. The claimant cannot constantly reach, handle, and finger. The claimant must avoid concentrated exposure to any pulmonary or

2

respiratory irritants. The claimant can occasionally reach overhead bilaterally, and the claimant must use a cane to ambulate and balance.

(TR 22). Given such a residual functional capacity, and after considering plaintiff's age, education, and prior work experience, as well as testimony from a vocational expert, the Law Judge held that Mr. Cox retains sufficient functional capacity to perform several specific sedentary work roles existing in significant number in the national economy. Accordingly, the Law Judge ultimately concluded that Mr. Cox is not disabled, and that he is not entitled to benefits under either federal program. See generally, 20 C.F.R. §§ 404.1520(g) and 416.920(g). The Law Judge's opinion was adopted as the final decision of the Commissioner by the Social Security Administration's Appeals Council. Having exhausted all available administrative remedies, Mr. Cox has now appealed to this court.

While plaintiff may be disabled for certain forms of employment, the crucial factual determination is whether plaintiff is disabled for all forms of substantial gainful employment. See 42 U.S.C. §§ 423(d)(2) and 1382c(a). There are four elements of proof which must be considered in making such an analysis. These elements are summarized as follows: (1) objective medical facts and clinical findings; (2) the opinions and conclusions of treating physicians; (3) subjective evidence of physical manifestations of impairments, as described through a claimant's testimony; and (4) the claimant's education, vocational history, residual skills, and age. Vitek v. Finch, 438 F.2d 1157, 1159-60 (4th Cir. 1971); Underwood v. Ribicoff, 298 F.2d 850, 851 (4th Cir. 1962).

After a review of the record in this case, the court is constrained to conclude that the Commissioner's final decision is supported by substantial evidence. The medical record confirms that Mr. Cox suffers from a variety of musculoskeletal problems, primarily in his cervical spine

3

and lower back. He first started experiencing pain in his neck, left shoulder, and arms following a fall in early 2010. He also complained of occasional numbness in his left hand and fingers. An MRI demonstrated significant stenosis at C5-6 and C6-7 with cord compression. Mr. Cox underwent anterior cervical discectomy and fusion in October of 2010. He reported some improvement in his symptomatology following surgery, though he still noted the presence of shoulder pain. In more recent years, plaintiff has experienced significant pain in his lower back, left hip, and legs. However, he was found to possess normal range of motion and strength in his extremities. While his doctors have recommended against lower back surgery, they have prescribed conservative treatment including steroid injections, physical therapy, and medication. On February 5, 2012, Mr. Cox complained of recurrent pain in his left shoulder, arm, and neck following a fall. However, an x-ray of the cervical spine revealed only mild abnormalities, with the hardware from the prior surgery still intact.

Given the evidence available for review, the court believes that the Administrative Law Judge reasonably found residual functional capacity for at least sedentary exertion. Indeed, the court believes that the Law Judge gave plaintiff the benefit of the doubt in this respect. The simple fact is that despite considerable medical attention, no doctor has suggested that Mr. Cox is disabled for all forms of regular work activity. More to the point, no doctor has identified physical manifestations of any condition which are consistent with total disability. Since the surgical procedure in 2010, plaintiff's doctors have recommended conservative treatment measures. While his doctors believe that plaintiff does experience some pain in his lower back and lower extremities, plaintiff's range of motion and strength is not said to be compromised. His doctors have specifically recommended against surgery, and have suggested that Mr. Cox

4

wean off his pain medications. In such circumstances, the court must conclude that there is substantial evidence to support the Law Judge's finding as to plaintiff's residual functional capacity.

When asked to consider residual functional capacity for sedentary exertion, without significant climbing, crawling, and kneeling, or constant reaching, handling, and fingering, a vocational expert identified several specific work roles in which Mr. Cox could be expected to engage. It appears to the court that the expert's evaluation of the vocational factors, and the assumptions under which the experts deliberated, are both reasonable and consistent with the medical record. Accordingly, the court believes that the Law Judge properly relied on the vocational expert's testimony in finding that Mr. Cox can engage in several specific sedentary work roles existing in significant number in the national economy. It follows that the Commissioner's final decision in this case is supported by substantial evidence, and must be affirmed.

On appeal to this court, Mr. Cox maintains that the Law Judge failed to take into account the pain and numbness that he experiences in his arms, which makes him incapable of using his hands to grip or grasp. Plaintiff notes that the vocational expert testified that there would be few jobs available if such restrictions and limitations were present. (TR 65-66). However, the court believes that the Administrative Law Judge properly determined that Mr. Cox does not experience significant limitation in his capacity for handling, fingering, and fine manipulation. It is true that Mr. Cox complained of such manifestations following a fall in 2010 and a second fall in 2012. However, the neurological symptoms in his arms and hands were said to have resolved after the cervical fusion in 2010. In 2012, after the second fall, Dr. Marcia Harris reported that an x-ray

5

of the cervical spine revealed no displacement of the hardware from the prior surgery. (TR 604). Dr. Harris noted an absence of neurological symptoms. (TR 580). The court must conclude that the record supports the Law Judge's determination that plaintiff's problems in handling, fingering, and manipulative capacity are not so severe as to prevent performance of the sedentary work roles for which he is otherwise physically capable.

In affirming the Commissioner's final decision, the court does not suggest that Mr. Cox is free of all pain, discomfort, and physical limitation. Indeed, the medical record confirms that plaintiff suffers from a variety of musculoskeletal problems and emotional stressors which can be expected to result in a wide range of adverse symptoms. However, it must again be noted that the Law Judge took all of the work-related restrictions reasonably supported by the record into account in assessing plaintiff's capacity for alternate work activities. Once again, the court believes that the Law Judge properly accounted for all of the restrictions documented in the medical record in questioning the vocational expert. It must be recognized that the inability to do work without any subjective discomfort does not of itself render a claimant totally disabled. Craig v. Chater, supra. It appears to the court that the Law Judge considered all of the subjective factors reasonably supported by the medical record in the adjudication of plaintiff's claims for benefits. Indeed, as noted above, the court believes that the Law Judge gave Mr. Cox the benefit of the doubt in finding residual functional capacity for no more than a limited range of sedentary work activity. It follows that all facets of the Commissioner's final decision in this case are supported by substantial evidence.

As a general rule, resolution of conflicts in the evidence is a matter within the province of the Commissioner even if the court might resolve the conflicts differently. Richardson v.

6

Perales, supra; Oppenheim v. Finch, 495 F.2d 396 (4th Cir. 1974). For the reasons stated, the court finds the Commissioner's resolution of the pertinent conflicts in the record in this case to be supported by substantial evidence. Accordingly, the final decision of the Commissioner must be affirmed. Laws v. Celebrezze, supra. An appropriate judgment and order will be entered this day.

The Clerk is directed to send certified copies of this opinion to all counsel of record.

DATED: This ___4th___ day of September, 2014.

_____
Chief United States District Judge

Case 7:13-cv-00590-GEC   Document 22   Filed 09/04/14   Page 7 of 7   Pageid#: 805